UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARYANNE SCANIO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV37 CDP |
| | ) | |
| ZALE DELAWARE, INC., d/b/a | ) | |
| ZALES JEWELERS, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiffs Maryanne Scanio and Patrick Sharp allege that they left two diamond rings with a store owned by defendant Zale Delaware, Inc., doing business as Zales Jewelers. Zales was to remove the stones and reset them in two new pieces of jewelry. Zales returned the old jewelry to the plaintiffs with the stones removed, but failed to give them the diamonds or the new jewelry. Plaintiffs have alleged five separate counts, including: (1) conversion, (2) replevin, (3) negligent bailment, (4) violation of the Missouri Merchandising Practices Act, and (5) breach of contract. Zales has moved to dismiss Count 4, violation of the MMPA, for failure to state a claim upon which relief can be granted. Zales argues that a claim for relief under the MMPA requires not only that a promise was broken, but that there was an intent to commit fraud when the

promise was made. Because the MMPA does not require such a showing of intent, I will deny Zales' motion to dismiss Count 4 of plaintiffs' complaint.

**Background**

On July 13, 2011, plaintiffs Patrick Sharp and Maryanne Scanio entered into an agreement with defendant Zales for custom jewelry work that included removing the diamonds from two rings owned by plaintiffs and setting them into two new pieces of jewelry. The total price for the custom work and settings was $1262.53. On that same date, Scanio took the two rings to the Zales store location at the Mid-Rivers Mall in St. Peters, Missouri, and left them in Zales' possession. On July 18, 2011, Sharp returned to the Zales store to pick up the jewelry. Zales gave Sharp only the two original rings with the diamonds removed, and told him that the diamonds in their new settings would arrive at a later date.

On August 1, 2011, Scanio contacted Zales to check on the status of the new settings, and was informed that they had already been picked up. On August 4, 2011, plaintiffs returned to the Zales store in person to discuss the missing diamonds and new settings. The store manager accused plaintiffs of lying about not having the jewelry in their possession and called mall security to escort plaintiffs out of the store. Plaintiffs allege that they have still not received the diamonds or the new jewelry settings. The total value of the two diamonds is alleged to be $10,000.

Plaintiffs filed a petition in the Circuit Court for St. Charles County on November 23, 2011. On January 6, 2012, Zales removed the case pursuant to this Court's diversity jurisdiction, and on that same date, filed a motion to dismiss plaintiffs' Count 4.

**Discussion**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 545. The court may disregard allegations that are mere legal conclusions, because they "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Under the heightened pleading requirements of Rule 9(b), a complaint alleges sufficient facts to survive a motion to dismiss when the plaintiff states "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). An allegation of fraud or mistake must "include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given thereby." *Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995) (internal quotation marks and citation omitted). More simplistically, "the complaint must identify the who, what, where, when, and how of the alleged fraud." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (internal quotation marks and citation omitted).

To state a claim for violation of the MMPA, a plaintiff must allege that he (1) leased or purchased a product or service sold or advertised by defendants; (2) primarily for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by § 407.020. Mo. Rev. Stat. § 407.025; *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 197-98 (Mo. Ct. App. 2009). The first three factors are not in dispute. As to the fourth element, plaintiffs must allege that Zales used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, concealment, suppression, or omission in connection with the

purchase of the product or service at issue. *Chochorowski*, 295 S.W.3d at 198 (citing Mo. Rev. Stat. § 407.020).

Zales argues that Count 4 should be dismissed because the complaint alleges only an unkept promise, but fails to allege that there was an intent not to perform at the time the promise was made. Docket No. 4 at 4 (citing *Urologic Surgeons, Inc. v. Bullock*, 117 S.W.3d 722, 725-26 (Mo. Ct. App. 2003)). Intent is only a requirement for common law fraud. *Sales Res., Inc. v. Alliance Foods, Inc.*, No. 4:09CV666 TCM, 2010 WL 5184943 at *26 (E.D. Mo. Dec. 15, 2010). The MMPA "serves as a supplement to the definition of common law fraud [and] eliminates the need to prove an intent to defraud or reliance." *Id.* (quoting *Schuchmann v. Air Servs. Heating & Air Conditioning, Inc.*, 199 S.W.3d 228, 232 (Mo. Ct. App. 2006)). The Missouri Supreme Court has held that in interpreting § 407.020, "unlawful practice" is an "all-encompassing and exceedingly broad term" that covers "every practice imaginable and every unfairness to whatever degree." *Id.* (quoting *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 240 (Mo. 2001)).

Zales also argues that plaintiffs' claim amounts to nothing more than a single breach of contract, citing *Schuchmann* for the proposition that this is insufficient to constitute an "unfair practice" under the MMPA. 199 S.W.3d at 233. In *Schuchmann*, the defendant's refusal to honor a lifetime warranty was

purchase of the product or service at issue. *Chochorowski*, 295 S.W.3d at 198 (citing Mo. Rev. Stat. § 407.020).

Zales argues that Count 4 should be dismissed because the complaint alleges only an unkept promise, but fails to allege that there was an intent not to perform at the time the promise was made. Docket No. 4 at 4 (citing *Urologic Surgeons, Inc. v. Bullock*, 117 S.W.3d 722, 725-26 (Mo. Ct. App. 2003)). Intent is only a requirement for common law fraud. *Sales Res., Inc. v. Alliance Foods, Inc.*, No. 4:09CV666 TCM, 2010 WL 5184943 at *26 (E.D. Mo. Dec. 15, 2010). The MMPA "serves as a supplement to the definition of common law fraud [and] eliminates the need to prove an intent to defraud or reliance." *Id.* (quoting *Schuchmann v. Air Servs. Heating & Air Conditioning, Inc.*, 199 S.W.3d 228, 232 (Mo. Ct. App. 2006)). The Missouri Supreme Court has held that in interpreting § 407.020, "unlawful practice" is an "all-encompassing and exceedingly broad term" that covers "every practice imaginable and every unfairness to whatever degree." *Id.* (quoting *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 240 (Mo. 2001)).

Zales also argues that plaintiffs' claim amounts to nothing more than a single breach of contract, citing *Schuchmann* for the proposition that this is insufficient to constitute an "unfair practice" under the MMPA. 199 S.W.3d at 233. In *Schuchmann*, the defendant's refusal to honor a lifetime warranty was

purchase of the product or service at issue. *Chochorowski*, 295 S.W.3d at 198 (citing Mo. Rev. Stat. § 407.020).

Zales argues that Count 4 should be dismissed because the complaint alleges only an unkept promise, but fails to allege that there was an intent not to perform at the time the promise was made. Docket No. 4 at 4 (citing *Urologic Surgeons, Inc. v. Bullock*, 117 S.W.3d 722, 725-26 (Mo. Ct. App. 2003)). Intent is only a requirement for common law fraud. *Sales Res., Inc. v. Alliance Foods, Inc.*, No. 4:09CV666 TCM, 2010 WL 5184943 at *26 (E.D. Mo. Dec. 15, 2010). The MMPA "serves as a supplement to the definition of common law fraud [and] eliminates the need to prove an intent to defraud or reliance." *Id.* (quoting *Schuchmann v. Air Servs. Heating & Air Conditioning, Inc.*, 199 S.W.3d 228, 232 (Mo. Ct. App. 2006)). The Missouri Supreme Court has held that in interpreting § 407.020, "unlawful practice" is an "all-encompassing and exceedingly broad term" that covers "every practice imaginable and every unfairness to whatever degree." *Id.* (quoting *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 240 (Mo. 2001)).

Zales also argues that plaintiffs' claim amounts to nothing more than a single breach of contract, citing *Schuchmann* for the proposition that this is insufficient to constitute an "unfair practice" under the MMPA. 199 S.W.3d at 233. In *Schuchmann*, the defendant's refusal to honor a lifetime warranty was

held to be an unfair practice within the meaning of the MMPA. *Id.* As part of its rationale, the Missouri Court of Appeals cited the fact that this act was a "repudiation of a 'lifetime' obligation," and not "a 'one-time' contract breach." *Id.* At best, *Schuchmann* questions whether a breach of contract alone could constitute an unfair practice, but neither *Schuchmann* nor any other case states this proposition explicitly. Furthermore, here plaintiffs' complaint does allege more than the breach of contract alone. In addition to alleging that Zales failed to complete the work as promised, the complaint alleges that a Zales employee told plaintiffs that the jewelry had already been picked up, and the manager accused plaintiffs of lying about not having the jewelry in their possession. "The [MMPA] provides that a deceptive practice violates the [statute] whether the act was 'committed before, during or after the sale.'" *Owen v. Gen. Mots. Corp.*, 533 F.3d 913, 922 (8th Cir. 2008) (citing Mo. Rev. Stat. § 407.020). These representations to plaintiffs could thus constitute unfair practices under the MMPA.

Finally, Zales argues that plaintiffs have failed to plead consumer fraud with the particularity required by Rule 9. Rule 9 requires that plaintiffs "identify the who, what, where, when, and how of the alleged fraud." *U.S. ex rel. Joshi,* 441 F.3d at 556. The complaint contains sufficient information to satisfy this requirement. The complaint contains the specific dates and location where the alleged fraud occurred, as well as the service which is the subject of the fraud

claim. *See Khaliki v. Helzberg Diamond Shops, Inc.*, No. 4:11CV10 NKL, 2011 WL 1326660 at *4-5 (W.D. Mo. Apr. 6, 2011) (holding that allegations did not comport with Rule 9(b) since they failed to identify specific dates, the particular retail location, or the form of the misrepresentation). Including the time, place, contents, and amount, even without the names of the specific individuals responsible for the fraud, can be sufficient to satisfy the requirements of Rule 9(b). *See Ash Grove Cement Co. v. MMR Constructors, Inc.*, No. 10CV4069, 2011 WL 398860 at *1 (W.D. Ark. Feb. 3, 2011). The Eighth Circuit has held that "Rule 9(b) does not require a complaint to include highly specific allegations with respect to facts that would be known to the defendants but not to the plaintiffs before the plaintiffs have had some opportunity to conduct discovery. *Id.* (citing *Drobnak v. Anderson Corp.*, 561 F.3d 778, 783-84 (8th Cir. 2009)). The plaintiffs have alleged the specific dates of each interaction and identified the manager of the Mid-Rivers Mall store as one of the individuals involved. The specific names of the employees involved can be ascertained through discovery.

The complaint therefore states a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, and is pled with sufficient particularity to satisfy the requirements of Rule 9.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count 4 (#3) is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2012.